UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES CLARK     PLAINTIFF

V.     CIVIL ACTION NO. 4:07CV55 DPJ-JCS

WM RECYCLE AMERICA, ET AL.     DEFENDANTS

ORDER

This employment dispute is before the Court on the motion for summary judgment [33] of Defendants WM Recycle America ("Waste Management") and Terry Schweitzer ("Schweitzer"). The Court, having fully considered the parties' submissions and the applicable law, finds that Defendants' motion should be GRANTED.

I.     Facts/Procedural History

On December 14, 2005, Waste Management terminated Plaintiff James Clark, an African American who had been employed as a driver since September 1998. According to Waste Management, it based the decision on a well-documented and extensive history of unsatisfactory performance and safety rules violations. The record reflects that by 2004, Plaintiff had received nineteen warnings. In 2004, a new manager arrived, but the alleged performance problems continued, including 1) running into a parked car; 2) running out of gas on a route; 3) operating a truck against the flow of traffic; 4) missing 40 stops on one route and then only making five of 40 when the deficiency was brought to his attention; and 5) striking another vehicle while backing up his truck in violation of the company's safety rules.

Aggrieved by what he considered to be a race-related termination of his employment, Plaintiff filed a charge of discrimination with the Equal Opportunity Employment Commission

1

(EEOC) on June 15, 2006 and was issued a right to sue letter on January 19, 2007. He filed suit on April 24, 2007 under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and 42 U.S.C. § 1981 claiming race based termination and retaliation. The suit was filed 92 days after Plaintiff received his right to sue letter from the EEOC.

The present motion was filed January 15, 2009, and Plaintiff did not respond until the Court entered a show cause order. As discussed below, Plaintiff's response attached no affidavits and no countervailing record evidence. The motion is now ripe for consideration.

II.     Analysis

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and "identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim." *Fuentes v. Postmaster Gen. of USPS*, No. 07-10426, 2008 WL 64673, at *3 (5th Cir. Jan. 7, 2008) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). Although the Court endeavored to consider the record as a whole, "district courts are under no duty 'to sift through the record in search of

2

evidence to support a party's opposition to summary judgment.'" *Id*. (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n. 7 (5th Cir. 1992)). Significant to the present motion, the Fifth Circuit Court of Appeals has consistently stated that conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Finally, in reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

Defendants raise the following arguments in favor of summary judgment: 1) Terry Schweitzer is not an employer as defined by Title VII;[1] 2) Title VII claims against Waste Management are barred by the statute of limitations for failure to file suit within 90 days of receiving the EEOC right to sue letter; 3) portions of the EEOC charge were untimely, having not been filed within 180 days of the discriminatory practice; 4) Plaintiff cannot establish a prima facie case of race discrimination because he was not qualified for the position and he has not shown that other similarly situated employees were retained under nearly identical circumstances; 5) Defendant offered unrebutted legitimate non-discriminatory and non-

---

[1] Plaintiff concedes this point, and it will not be addressed further.

retaliatory reasons for its employment decisions; 6) Plaintiff has presented no evidence establishing retaliation in violation of Title VII or § 1981 and cannot establish a causal connection; 7) Plaintiff has failed to rebut Defendants' non-discriminatory and non-retaliatory reasons for its actions; 8) Plaintiff has failed to establish a prima facie case of hostile work environment; and 9) Plaintiff's intentional infliction of emotional distress claim is time barred having not been filed within one year. Defendants submitted legal authority and substantial record evidence supporting each of its grounds for judgment as a matter of law.

The substance of Plaintiff's response to the pending motion states in its entirety as follows:

> Plaintiff would show this court the following, to-wit:
>
> 1. That Plaintiff concedes that his Title VII claim against Terry Schweitzer should be dismissed as a matter of law; however, Plaintiff does continue to allege that Defendant Terry Schweitzer was an agent/or employee of Waste Management during the time of the tortious [sic] were committed by him.
>
> 2. That Plaintiff's Title VII claim of discrimination and retaliation against the Defendant are not barred by statute of limitations.
>
> 3. That Plaintiff can establish that Defendants terminated his employment on the basis of race under Title VII or Section 1981.
>
> 4. That Plaintiff does have an evidentiary basis to support his claim that the Defendants retaliated against him in violation of Title VII and Section 1981.
>
> 5. Plaintiff's claim of emotional distress should be upheld by this court.

Plaintiff attached neither affidavits nor other competent evidence to his response and failed to "identify specific evidence in the record" supporting his claim. *Fuentes*, 2008 WL

64673, at *3. Nevertheless, the Court will examine the record as it exists to determine whether Defendants are entitled to judgment as a matter of law. *C.f.*, *McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534, 1992 WL 352617, at *1 (5th Cir. 1992) (unpublished table decision) (citations omitted) (affirming summary judgment where counsel failed to file timely response but noting that court must determine whether moving party has met its burden under Rule 56(c)).[2]

A.  Title VII Claims

The record reflects that Plaintiff failed to exhaust his administrative remedies as to some of his claims and that he failed to file suit as to any of his Title VII claims within the 90 days allowed under 42 U.S.C. § 2000e-5(f)(1). The Title VII claims are therefore time barred. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 380 (5th Cir. 2002) (affirming dismissal of Title VII claim brought one day late).

B.  December 2005 Termination.[3]

Plaintiff failed to demonstrate a prima facie case of discriminatory discharge in December 2005 under Title VII or § 1981 because there is no evidence that other similarly situated employees were treated more favorably under nearly identical circumstances. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001) (observing that plaintiff must show similarly situated employees were treated more favorably). In fact, Plaintiff appears to

---

[2]While it is impossible for the Court to guess what Plaintiff might have offered in response to this motion, the Court will observe that the record clearly demonstrates a legitimate non-discriminatory basis for the employment actions, and given Plaintiff's performance history, it is difficult to see how he could prevail on any of his claims even with a response.

[3]Plaintiff's failure to exhaust administrative remedies and failure to timely file suit bar his Title VII claims. Nevertheless, the claims would further fail for the same reasons that his § 1981 claims fail.

5

have been treated more leniently than a white driver who was terminated after a single accident.

Finally, Defendant presented well-documented, legitimate non-discriminatory reasons for the December 2005 termination of employment–repeated work rule violations, accidents and safety issues. Plaintiff failed to rebut these reasons. *See Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 350 (5th Cir. 2008) (discussing burden shifting requirements under *McDonnell Douglas* framework).

C. Hostile Work Environment

The hostile work environment claim fails for the additional reason that Plaintiff never demonstrated conduct that was sufficiently severe or pervasive. *See generally Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993); *Pickens v. Shell Tech. Ventures, Inc.*, 118 F.App'x 842, 850 (5th Cir. 2004) (unpublished) (holding that a company Christmas party where a skit with characters in blackface was performed and racially insensitive comments were made to plaintiff did not create a hostile work environment).

D. Emotional Distress[4]

To the extent Plaintiff pursues an intentional infliction of emotional distress claim, it is barred by Mississippi's one year statute of limitations. Miss.Code Ann. § 15-1-35 (Rev. 2002); *CitiFinancial Mortg. Co., Inc. v. Washington,* 967 So. 2d 16, 19 (Miss. 2007) ("The claim for intentional infliction of emotional distress is subject to a one-year statute of limitations."). In addition, the facts fail to reflect that the conduct was sufficiently extreme and outrageous. "Only in the most unusual cases does the conduct move out of the realm of an ordinary employment

---

[4] It is not apparent that Plaintiff actually makes a separate emotional distress claim in his Amended Complaint. Nevertheless, Defendants' motion anticipates this state law claim and other potential claims under § 1981 based on what was uncovered during discovery.

dispute into the classification of extreme and outrageous, as required for the tort of intentional infliction of emotional distress." *Prunty v. Ark. Freightways, Inc.*, 16 F.3d 649, 654 (5th Cir. 1994). Neither does the record support a finding of negligent infliction of emotional distress. *See Allen v. NPC Int'l, Inc.*, No. 1:95CV20, 1996 WL 407564, at *5 (N.D. Miss. June 10, 1996).

      E.      Other § 1981 Claims

Though not specifically reflected in the Amended Complaint, the Court has considered the record with respect to certain other allegations addressed in Defendants' submissions and finds that Plaintiff has neither demonstrated a prima facie case nor rebutted Defendants' well-documented non-retaliatory and non-discriminatory reasons for the various actions addressed in its motion. *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 655 (5th Cir. 2004).

III.      <u>Conclusion</u>

"Needless to say, unsubstantiated assertions are not competent summary judgment evidence." *Grimes v. Tex. Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 139 (5th Cir. 1996). In the present case, Defendants have met their burden under Rule 56(c) and their motion is therefore GRANTED.

A separate judgement will be entered pursuant to Rule 58(a) of the Federal Rules of Civil Procedure.

      **SO ORDERED AND ADJUDGED** this the 17th day of March, 2009.

                                                    s/ *Daniel P. Jordan III*
                                                    UNITED STATES DISTRICT JUDGE